STATE OF WEST VIRGINIA

**FILED**
**January 20, 2015**
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**RANDY K. PACK,**
**Claimant Below, Petitioner**

**vs.)   No. 13-1295** (BOR Appeal No. 2048460)
              (Claim No. 2006020434)

**JACKIE WITHROW HOSPITAL,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Randy K. Pack, by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Jackie Withrow Hospital, by H. Dill Battle III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 21, 2013, in which the Board affirmed a June 4, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 20, 2012, decision insofar as it denied authorization of a multi-level decompression and fusion at L4-5 and L5-S1; transforaminal lumbar interbody fusion; and the addition of lumbar disc herniation, retrolisthesis at L5-S1, lumbar neural foraminal stenosis, and lumbago to the claim. The Office of Judges modified the claims administrator's decision to find that lumbar radiculitis is a compensable component of the claim.[1] In its Order, the Office of Judges also affirmed the claims administrator's December 11, 2012, decision, which denied a request to reopen the claim for additional temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these

---

[1] The decision denying the request to add lumbar disc herniation, retrolisthesis at L5-S1, lumbar neural foraminal stenosis, and lumbago to the claim and adding lumbar radiculitis as a compensable component of the claim is not appealed.

reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Pack, a housekeeper, was injured in the course of his employment on September 1, 2005, while moving a hospital bed. The claim was held compensable for lumbar sprain/strain. A September 11, 2006, CT/myelogram of the lumbar spine showed broad based disc displacement at L4-5 with neural foraminal recess encroachment bilaterally. There was mild posterior displacement of the anterior margin of the thecal sac. At L5-S1 there was a broad based disc extrusion with partial truncation of the nerve root sheath and opacification of the exiting left nerve root.

On March 15, 2007, Mohammed Ranavaya, M.D., performed an independent medical evaluation in which Mr. Pack reported a serious motor vehicle accident in 1981 that caused multiple fractures of the dorsal spine in the mid and low back. He stated that he returned to work following his compensable injury but quit working a few weeks later after an unrelated, non-compensable stomach surgery. He reported that he currently had lower back pain, mostly on the right side, which radiates into his right hip and leg. He also had numbness in the right leg. Dr. Ranavaya noted that Mr. Pack had three previous work-related back injuries. He opined that, given the mechanism of injury, Mr. Pack sustained only a lumbar sprain. Any other damage to the lumbar spine is the result of the 1981 motor vehicle accident, which caused serious spinal injury. Mr. Pack was at maximum medical improvement for the compensable injury.

Joseph Grady, M.D., performed an independent medical evaluation on August 8, 2007. He assessed chronic lower back pain with myofascial strain and evidence of right leg radiculopathy on EMG with reported disc protrusion on MRI. He noted that Mr. Pack was awaiting a consultation with a neurosurgeon regarding the possibility of additional surgery with a spinal cord stimulator to treat radicular symptoms. Shortly thereafter, a lumbar MRI revealed midline disc bulging and disc degeneration at L5-S1 that was larger than on a previous MRI. There was also midline bulging and disc degeneration at L4-5, disc degeneration at L2-3 and L3-4, and osteoarthritic lumbar vertebral body lipping.

In a letter dated November 1, 2007, Larry Carson, M.D., indicated that he examined Mr. Pack and diagnosed degenerative disc disease with disc bulging of the lumbosacral spine. He opined that surgery would not offer him much benefit and recommended follow-up for spinal cord stimulator placement. Mr. Pack declined to undergo spinal cord stimulator placement and instead decided to continue with conservative treatment.

An independent medical evaluation was performed by A.E. Landis, M.D., on December 4, 2007. Dr. Landis opined that Mr. Pack suffered a soft tissue injury superimposed on pre-existing degenerative disc disease which was aggravated by the compensable injury. He found no evidence of radiculopathy and stated that Mr. Pack would not likely benefit from surgery or a spinal cord stimulator. He was found to be at maximum medical improvement. Bruce Guberman, M.D., also found Mr. Pack to be at maximum medical improvement in his June 25, 2008, independent medical evaluation. He diagnosed acute and chronic post-traumatic lumbosacral strain, multilevel disc disease, and right-sided lumbar radiculopathy confirmed by

electrophysiological studies. He stated that no further treatment or testing was likely to improve Mr. Pack's condition.

On March 23, 2009, Paul Craig, M.D., performed an independent medical evaluation in which he diagnosed pre-existing moderate to severe degenerative disc disease, arthritic changes of the lumbosacral spine, and a history of multiple lumbosacral sprains/strains with varying degrees of muscle spasms and right-sided leg discomfort. He opined that the underlying degenerative process in the lumbosacral spine is completely independent and unrelated to any of Mr. Pack's injuries and that it will progress over time. He found that Mr. Pack was at maximum medical improvement for his compensable September 1, 2005, injury. Rajesh Patel, M.D., Mr. Pack's treating physician, disagreed with the finding of maximum medical improvement. He requested the addition of lumbar disc herniation, lumbar radiculitis, retrolisthesis at L5-S1, lumbar neural foraminal stenosis, and lumbago to the claim and authorization of a multi-level decompression and fusion at L4-5 and L5-S1 and transforaminal lumbar interbody fusion.

James Dauphin, M.D., performed two physician reviews. On January 9, 2012, he recommended denying a request for a lumbar MRI because Mr. Pack had not worked in several months and had not received treatment in over a year. He opined that his symptoms are likely the result of degenerative changes. On October 26, 2012, Dr. Dauphin agreed that Mr. Pack needs the requested surgery; however, the surgery is necessary for the treatment of non-compensable degenerative disc disease, not the compensable injury. Lumbar disc herniation, lumbar radiculitis, retrolisthesis at L5-S1, lumbar neural foraminal stenosis, and lumbago are also unrelated to the compensable injury and should therefore be denied. On November 16, 2012, the StreetSelect Grievance Board determined that Dr. Dauphin's opinion was reliable. The requested lumbar spine surgery was found to be necessary for the treatment of non-compensable, pre-existing degenerative disc disease, not the compensable injury. The Board therefore determined that the requested surgery and additional diagnoses should be denied.

A lumbar MRI performed on September 18, 2012, revealed a small left of midline disc herniation and disc degeneration at L5-S1, midline disc bulging and disc degeneration at L4-5, disc degeneration at L2-3 and L3-4, osteoarthritic vertebral body lipping, and articular facet hyperostosis. In a January 16, 2013, letter, Dr. Patel stated that Mr. Pack had attempted both physical therapy and injections, but neither treatment was successful. His pain has become constant and severe and he now requires surgical intervention. Dr. Patel opined that the surgery is medically necessary and reasonably related to the compensable injury, and Mr. Pack is temporarily and totally disabled due to severe pain.

A final independent medical evaluation was performed by Paul Bachwitt, M.D., on April 10, 2013. Dr. Bachwitt diagnosed a simple lumbar sprain/strain. He opined that there was no clinical evidence of radiculopathy or an operative disc lesion on that day. He stated that the requested diagnoses are unrelated to the compensable injury. Mr. Pack has suffered no progression or aggravation of his compensable injury and his current complaints are the result of degenerative disease. Dr. Bachwitt opined that surgery is unnecessary in this case and, even if it were necessary, it would be unrelated to the compensable lumbar sprain.

The claims administrator denied authorization of a multi-level decompression and fusion at L4-5 and L5-S1, transforaminal lumbar interbody fusion, and the addition of lumbar disc herniation, lumbar radiculitis, retrolisthesis at L5-S1, lumbar neural foraminal stenosis, and lumbago as compensable components of the claim on November 20, 2012. On December 11, 2012, the claims administrator denied a request to reopen the claim for additional temporary total disability benefits.

On June 4, 2013, the Office of Judges affirmed the claims administrator's November 20, 2012, decision insofar as it denied the requested surgery and the addition of lumbar disc herniation, retrolisthesis at L5-S1, lumbar neural foraminal stenosis, and lumbago to the claim. The Office of Judges modified the claims administrator's decision to find that lumbar radiculitis is a compensable component of the claim. In its Order, the Office of Judges also affirmed the December 11, 2012, claims administrator's decision denying a request to reopen the claim for additional temporary total disability benefits. The only issues on appeal are the requested surgery and the request to reopen the claim for additional temporary total disability benefits.

The Office of Judges found that prior to the compensable injury, Mr. Pack had degenerative changes throughout his lumbar spine. After the compensable injury, his symptoms increased and there was some evidence of radiculopathy. Dr. Patel conceded that Mr. Pack had degenerative changes in his lumbar spine but he asserts that his current problems are the result of his compensable injury. The Office of Judges determined that his opinion was contradicted by the opinions of Drs. Dauphin and Bachwitt. Surgery was suggested in 2007, but Mr. Pack's pain was tolerable and he decided against it. Dr. Dauphin noted that over the next four years there was a natural progression of Mr. Pack's degenerative disc disease. The Office of Judges therefore found that the overall medical records show that the current need for surgery is due more to degenerative disc disease.

The Office of Judges determined that the original MRI showed degenerative disc disease with protrusion but no herniation. The original EMG noted some mild L3-4 radiculopathy. The Office of Judges concluded that the mild radiculopathy was the result of the compensable injury even though it is likely that Mr. Pack would not have developed radiculopathy without the underlying degenerative changes. Lumbar disc herniation, retrolisthesis at L5-S1, lumbar neural foraminal stenosis, and lumbago were found to be primarily the result of degenerative disc disease and therefore non-compensable. The Office of Judges found that Mr. Pack's lumbar spine condition has progressed since the compensable injury, and he may be temporarily and totally disabled. However, the main cause of his current significant symptoms is his non-compensable degenerative disc disease, not the compensable injury.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its November 21, 2013, decision. On appeal, Mr. Pack argues the requested surgery should be authorized because the Office of Judges found that lumbar radiculitis is a compensable component of the claim. The condition is disabling and an accepted method of treatment is surgery. Further, Dr. Patel opined that temporary total disability benefits are necessary due to the compensable injury. Jackie Withrow Hospital argues that the requested

surgery is for the treatment of a progression of Mr. Pack's pre-existing degenerative disc disease and is not authorized within the guidelines of West Virginia Code of State Rules § 85-20 (2006).

After review, this Court agrees with the reasoning of the Office of Judges and the conclusions of the Board of Review. Though Mr. Pack may need the requested surgery, it is necessary for his pre-existing degenerative conditions and not the compensable injury. Because his current symptoms are the result of non-compensable conditions, he has failed to show an aggravation or progression of his compensable injury that would justify reopening the claim for temporary total disability benefits.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  January 20, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum